UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROMAN L. FRENCH,

    Petitioner,

    v.                               CAUSE NO. 3:22-CV-174-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Roman L. French, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WVE-21-7-35) at the Wabash Valley Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of threatening in violation of Indiana Department of Correction Offense 213. Following a hearing, he was sanctioned with a loss of forty-five days earned credit time.

French argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to find that he committed the offense of threatening. He maintains that he did not intend to threaten anyone but instead intended to convey that he might need to use self-defense to protect himself from other inmates who might attack him.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's

>guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

Departmental policy defines threatening as "communicating to another person an intent to harm, harass, or intimidate that person or someone else." ECF 7-11 at 6. The administrative record includes a conduct report in which a classification specialist represented that she received an email from a United States attorney with a copy of a letter from French and that the letter contained threatening remarks. ECF 7-1. The administrative record also includes a copy of the letter, which reads as follows:

>I'm writing you in regards to a case that I was illegally involved in, *Craig Kennedy v. United States*, 1994. I plead guilty to the drug dealing part of my case where the rats who snitched on him in his case got me a case, and I was charged with knowingly making a false statement because I testified twice for Mr. Kennedy, once in state court and once in federal court where I cleared [him] of attempted murder against me and drug dealing between us. His case is now on a LexisNexis prison app that we inmates are allowed to have access to for research purposes. His case makes it appear as if I played a role in his demise when I did not never testify against [him] at his trial like the rats who told on both of us. I plead guilty to my part of my case I was snitched on. The inform from my sentencing hearing was illegally used to enhance his sentence. ***I need his case removed from the app before I have to kill someone over this cause I will protect my life.*** How do I get this removed?

ECF 7-2 (bold and italics added). The conduct report and the letter constitute some evidence that French committed the offense of threatening as defined by departmental policy. French maintains that he included the violent language only to convey that he

2

might need to use self-defense to protect himself from other inmates who might attack him. However, the language could also reasonably be interpreted as conveying the intent to harm other inmates in the event that his request was not satisfied, and, even accepting French's interpretation, the disciplinary policy contains no exception for self-defense for the offense of threatening or otherwise.[1] Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

French also argues that he is entitled to habeas relief because the hearing officer denied his request to present evidence. Specifically, he alleges that he requested: (1) the email from the United States attorney to which his letter was attached; (2) the disciplinary policy; and (3) documents from the Craig Kennedy criminal case. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

Though French speculates that the email from the United States attorney could have been favorable to him, it is unclear how it could have affected the outcome of the case. Even assuming that the United States attorney fully endorsed French's proposed interpretation, French explained this interpretation to the hearing officer, who

---

[1] The disciplinary policy is available at https://www.in.gov/idoc/files/02-04-101-ADP-3-1-2020.pdf.

independently reviewed the letter and disagreed. ECF 7-10. Moreover, though French did not receive documents from the *Kennedy* case through evidentiary requests, he was able to obtain these documents from the law library and presented documents from the *Kennedy* case at the hearing. ECF 1-1 at 11, 14. Additionally, the disciplinary policy is not evidence, and French does not explain how receiving a copy of the disciplinary policy would have affected the outcome of his case. Therefore, the claim that the hearing officer did not allow him to present evidence is not a basis for habeas relief.

If French wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Roman L. French leave to appeal in forma pauperis.

SO ORDERED on September 9, 2022

                                            s/ Michael G. Gotsch, Sr.
                                            Michael G. Gotsch, Sr.
                                            United States Magistrate Judge